# Third District Court of Appeal

## State of Florida

Opinion filed December 3, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-805
Consolidated: 3D14-948
Lower Tribunal No. 12-1849

_____

**Omar Fernandez,**
Appellant,

vs.

**The State of Florida,**
Appellee.


Appeals under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Fleur J. Lobree, Judge.

Omar Fernandez, in proper person.

Pamela Jo Bondi, Attorney General, and Brent J. Kelleher, for appellee.


Before WELLS, EMAS and LOGUE, JJ.

ON MOTION FOR REHEARING

Addressing Appellant's Motion for Rehearing and "Motion to Notify" filed in these consolidated appeals from orders denying his motions to withdraw his plea and to correct an illegal sentence, we grant rehearing, vacate our earlier decision affirming those orders and substitute this opinion in its stead.

The gist of Appellant's motions below is that he agreed to plead guilty and to a 39.6 month sentence because the trial court, relying on an inaccurately calculated guidelines scoresheet, represented to him that this was a bottom of the guidelines sentence. More specifically, Appellant claims (1) that the scoresheet on which the trial court relied incorrectly scored a prior conviction for simple battery, a misdemeanor, as an aggravated battery, a second degree felony, which should have resulted in a bottom of the guidelines sentence of 36.15 months rather than the 39.6 months represented, and (2) if the guidelines scoresheet had been correctly calculated he would not have accepted the 39.6 month sentence offered. The trial court summarily denied these motions.

While we agree that Appellant has made a sufficient showing that the battery was improperly calculated, resulting in a "false bottom" of the guidelines and entitling him to an evidentiary hearing, we do not necessarily agree (nor do we determine here) that when properly calculated the bottom of the guidelines will be less than the 39.6 months offered and accepted. We note this issue only because an Assistant Public Defender, present at the hearing conducted below on these

2

motions, advised the trial court of "a genuine concern that if a new score sheet were to be filed it would actually be greater than the number – the 39.6 and that was a concern that I had addressed with [Appellant] prior to the plea." We therefore, reverse the orders entered below denying Appellant's motions to vacate plea and to correct sentence to conduct a hearing to determine whether the scoresheet on which the trial court relied was incorrectly calculated and if so, whether but for the incorrect calculation, Appellant would not have entered into a plea to the incorrectly calculated bottom of the guidelines scoresheet.[1]

Accordingly, the orders on appeal are reversed and this matter remanded for further proceedings in accordance herewith.

---

[1] Should Appellant prevail on these claims, his plea will be withdrawn, his judgment and sentence vacated, and a new and accurate guidelines scoresheet shall be prepared accurately scoring all of Appellant's prior convictions, and the parties shall be returned to the same procedural posture as that existing before the current plea. Nothing in this opinion shall obligate the court below to offer a bottom of the guidelines sentence should Appellant prevail on his claims, nor shall anything herein preclude it from offering a plea to any newly-calculated bottom of the guidelines.